UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case Number:

FIRST HOME BANK,
a Florida banking corporation

    Plaintiff,

v.

Moore Medical, Inc., a Louisiana
corporation; Kimberly B. Moore; and
Brian D. Moore,

    Defendants.

## COMPLAINT

Plaintiff, FIRST HOME BANK, a Florida banking corporation ("Lender"), by and through its undersigned counsel, sues Defendants, Moore Medical, Inc., a Louisiana corporation; Kimberly B. Moore; and Brian D. Moore, and alleges:

## PARTIES

1. Lender is, and at all relevant times has been, a Florida banking corporation, with its principal place of business located at 9190 Seminole Blvd, Seminole, Florida 33772. Lender is not incorporated in any state other than Florida, nor does Lender have any locations outside of the State of Florida.

2. Defendant, Moore Medical, Inc. ("Borrower"), is, and at all relevant times has been, a Louisiana corporation, with its principal place of business located at 4061 Highway 59 C, Mandeville, Louisiana 70471.

3. Borrower's members are Defendants, Kimberly B. Moore ("Guarantor 1"), and Brian D. Moore ("Guarantor 2") (collectively, "Guarantors").

4. Guarantors are, upon information and belief, Louisiana citizens with a last known address of 1434 Natchez Loop, Covington, Louisiana 70433.

## JURISDICTION & VENUE

5. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), as this matter involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum specified in 28 U.S.C. § 1332 (b).

6. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to U.S.C. § 1391(b)(2), because, among other things, the parties have contractually agreed that Florida is the exclusive forum, venue, and place of jurisdiction.

## COUNT I
## PAYMENT OWED UNDER PROMISSORY NOTE

7. Lender restates and realleges paragraphs 1, 2, 5, and 6 as if fully set forth herein.

8. On August 18, 2015, Borrower, made, executed, and delivered to Lender that certain promissory note in the original principal amount of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00), as modified at Borrower's request pursuant to that certain change in terms agreement dated May 16, 2016 (collectively, "Note"). A true and correct of the Note is attached hereto as **Exhibit "A"**.

9. The Note is secured, in part, by that certain security agreement executed by Borrower, in favor of Lender, dated August 18, 2015 ("Security Agreement"), pursuant to

which Borrower granted to Lender a security interest in, among other things, all equipment, inventory, accounts, instruments, chattel paper, general intangibles, and documents of Borrower (collectively, "Collateral"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit "B"**.

10. Lender perfected its security interest in the Collateral by filing that certain UCC financing statement with the State of Louisiana on August 19, 2015, as Filing No. 52-82711 ("Financing Statement"). A true and correct copy of the UCC financing statement is attached hereto as **Exhibit "C"**.

11. Lender is not presently seeking an order for the repossession of the Collateral, but specifically restates and reaffirms its perfected security interest therein and reserves its rights in and to the Collateral.

12. Lender owns and holds the Note.

13. Borrower failed to pay the installment payment due on the Note on February 15, 2017, and Lender elected to accelerate payment of all amounts due and owing under the Note.

14. Despite Lender's demands on Borrower to pay the principal, accrued interest, and other charges due and owing under the Note, Borrower has failed and refused, and continues to fail and refuse, to remit payment of the same. A true and correct copy of the Notice of Default and Demand Letter directed to Borrower is attached hereto as **Exhibit "D"**.

15. As of June 15, 2017, there was due and owing under the Note the total amount of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars

($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

16. The Note provides that and Borrower shall pay Lender's costs of collection including, but not limited to, reasonable attorneys' fees in the event that Borrower defaults in Borrower's obligations under the Note and has obligated itself to pay a reasonable fee for its services.

17. Lender has retained the undersigned to enforce its rights and remedies under the above-described Loan Documents and to assist it in the collection of all amounts due and owing under the Note.

18. All conditions precedent to the relief requested herein have been performed, satisfied, or otherwise been waived.

WHEREFORE Plaintiff, FIRST HOME BANK, a Florida banking corporation, requests that judgment be rendered against Defendant, Moore Medical, Inc., a Louisiana corporation, in favor of Plaintiff, FIRST HOME BANK, a Florida banking corporation, for the total amount due and owing under the Note of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100

Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by FIRST HOME BANK, a Florida banking corporation, and for such further and other relief as the Court deems just.

## COUNT II
## MONEY LENT

19.     Lender restates and realleges paragraphs 1, 2, 5, and 6 as if fully set forth herein.

20.     Borrower owes Lender the amount of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by Lender for money lent to Borrower on August 18, 2015.

21.     All conditions precedent to the relief requested herein have been performed, satisfied, or otherwise been waived.

WHEREFORE Plaintiff, FIRST HOME BANK, a Florida banking corporation, requests that judgment be rendered against Defendant, Moore Medical, Inc., a Louisiana corporation, in favor of Plaintiff, FIRST HOME BANK, a Florida banking corporation, for the total amount due and owing under the Note of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by FIRST HOME BANK, a Florida banking corporation, and for such further and other relief as the Court deems just.

## COUNT III
### ACTION ON GUARANTY

22. Lender restates and realleges paragraphs 1, 2, 3, 4, 5, and 6 as if fully set forth herein.

23. On August 18, 2015, Borrower, made, executed, and delivered to Lender the Note in the original principal amount of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00).

24. On August 18, 2015, Defendant, Kimberly B. Moore ("Guarantor 1"), made, executed, and delivered to Lender that certain guaranty, guarantying Borrower's payment

and performance under the Note ("Guaranty 1"). A true and correct copy of Guaranty 1 is attached hereto as **Exhibit "E"**.

25. Lender owns and holds the Note and Guaranty 1.

26. Borrower failed to pay the installment payment due on the Note on February 15, 2017, and Lender elected to accelerate payment of all amounts due and owing under the Note.

27. Despite Lender's demands on Borrower and Guarantor 1 to pay the principal, accrued interest, and other charges due and owing under the Note, Borrower and Guarantor 1 have failed and refused, and continue to fail and refuse, to remit payment of the same. A true and correct copy of the Notice of Default and Demand Letter directed to Guarantor 1 is attached hereto as **Exhibit "F"**.

28. As of June 15, 2017, there was due and owing under the Note the total amount of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

29.   Guaranty 1 provides that Guarantor 1 shall pay Lender's costs of collection including, but not limited to, reasonable attorneys' fees in the event that Guarantor 1 defaults in Guarantor 1's obligations under Guaranty 1.

30.   Lender has retained the undersigned to enforce its rights and remedies under the Note and Guaranty 1 and to assist it in the collection of all amounts due and owing under the Note and has obligated itself to pay a reasonable fee for its services.

31.   All conditions precedent to the relief requested herein have been performed, satisfied, or otherwise been waived.

WHEREFORE Plaintiff, FIRST HOME BANK, a Florida banking corporation, requests that judgment be rendered against Defendant, Kimberly B. Moore, in favor of Plaintiff, FIRST HOME BANK, a Florida banking corporation, for the total amount due and owing under the Note of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by FIRST HOME BANK, a Florida banking corporation, and for such further and other relief as the Court deems just.

## COUNT IV
## ACTION ON GUARANTY

32. Lender restates and realleges paragraphs 1, 2, 3, 4, 5, and 6 as if fully set forth herein.

33. On August 18, 2015, Borrower, made, executed, and delivered to Lender the Note in the original principal amount of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00).

34. On August 18, 2015, Defendant, Brian D. Moore ("Guarantor 2"), made, executed, and delivered to Lender that certain guaranty, guarantying Borrower's payment and performance under the Note ("Guaranty 2"). A true and correct copy of Guaranty 2 is attached hereto as **Exhibit "G"**.

35. Lender owns and holds the Note and Guaranty 2.

36. Borrower failed to pay the installment payment due on the Note on February 15, 2017, and Lender elected to accelerate payment of all amounts due and owing under the Note.

37. Despite Lender's demands on Borrower and Guarantor 2 to pay the principal, accrued interest, and other charges due and owing under the Note, Borrower and Guarantor 2 have failed and refused, and continue to fail and refuse, to remit payment of the same. A true and correct copy of the Notice of Default and Demand Letter directed to Guarantor 2 is attached hereto as **Exhibit "F"**.

38. As of June 15, 2017, there was due and owing under the Note the total amount of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but

unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by Lender.

39. Guaranty 2 provides that Guarantor 2 shall pay Lender's costs of collection including, but not limited to, reasonable attorneys' fees in the event that Guarantor 2 defaults in Guarantor 2's obligations under Guaranty 2.

40. Lender has retained the undersigned to enforce its rights and remedies under the Note and Guaranty 2 and to assist it in the collection of all amounts due and owing under the Note and has obligated itself to pay a reasonable fee for its services.

41. All conditions precedent to the relief requested herein have been performed, satisfied, or otherwise been waived.

WHEREFORE Plaintiff, FIRST HOME BANK, a Florida banking corporation, requests that judgment be rendered against Defendant, Brian D. Moore, in favor of Plaintiff, FIRST HOME BANK, a Florida banking corporation, for the total amount due and owing under the Note of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred

Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by FIRST HOME BANK, a Florida banking corporation, and for such further and other relief as the Court deems just.

## COUNT V
## UNJUST ENRICHMENT

42. Lender restates and realleges paragraphs 1, 2, 3, 4, 5, and 6 as if fully set forth herein.

43. On August 18, 2015, Borrower, made, executed, and delivered to Lender the Note in the original principal amount of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00).

44. Borrower, Guarantor 1, and Guarantor 2 received the benefits from the loan referenced herein, and continue to retain the benefits arising therefrom, without repaying Lender for the same.

45. Borrower, Guarantor 1, and Guarantor 2 have failed and refused, and continue to fail and refuse, to remit payment of the loan proceeds advanced under the Note.

46. Borrower, Guarantor 1, and Guarantor 2 should not benefit from the aforementioned loan proceeds and benefits therefrom given that Borrower, Guarantor 1, and Guarantor 2 have failed to repay the obligations, as set forth in the Note, Guaranty 1, Guaranty 2, and other loan documents associated therewith.

47. Borrower, Guarantor 1, and Guarantor 2 will continue to benefit by retaining said loan proceeds and benefits therefrom without repaying Lender for the same, which presents circumstances which would make it unjust to permit Borrower, Guarantor 1, and

Guarantor 2 to retain said loan proceeds and the benefits associated therewith, without repaying the same pursuant to the terms and conditions of the Note, Guaranty 1, and Guaranty 2.

48.   Borrower, Guarantor 1, and Guarantor 2 have been unjustly enriched and injustice can only be avoided by ordering payment for damages by Borrower, Guarantor 1, and Guarantor 2.

49.   All conditions precedent to the relief requested herein have been performed, satisfied, or otherwise been waived.

WHEREFORE Plaintiff, FIRST HOME BANK, a Florida banking corporation, requests that judgment be rendered against Defendants, Moore Medical, Inc., a Louisiana corporation; Kimberly B. Moore; and Brian D. Moore, jointly and severally, in favor of Plaintiff, FIRST HOME BANK, a Florida banking corporation, for the total amount due and owing under the Note of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by FIRST HOME BANK, a Florida banking corporation, and for such further and other relief as the Court deems just.

## COUNT VI
## PROMISSORY ESTOPPEL

50. Lender restates and realleges paragraphs 1, 2, 3, 4, 5, and 6 as if fully set forth herein.

51. On August 18, 2015, Borrower, made, executed, and delivered to Lender the Note in the original principal amount of Three Hundred Fifty Thousand and 00/100 Dollars ($350,000.00).

52. Borrower, Guarantor 1, and Guarantor 2 made numerous promises and representations to Lender including, without limitation, that Borrower, Guarantor 1, and Guarantor 2 would abide by the terms and conditions of the Note, Guaranty 1, Guaranty 2, and other loan documents associated therewith. These promises and representations were made with the full knowledge that Lender would rely thereon by entering the loan transaction evidenced by the Note, Guaranty 1, Guaranty 2, and other loan documents associated therewith.

53. Borrower, Guarantor 1, and Guarantor 2 knew, or should have known, that such promises and representations would induce action or forbearance of a definite and substantial character on Lender's behalf.

54. Lender did reasonably rely upon the promises and representations of Borrower, Guarantor 1, and Guarantor 2 by entering into the Note, Guaranty 1, Guaranty 2, and other loan documents associated therewith.

55. Injustice can only be avoided by estopping Borrower, Guarantor 1, and Guarantor 2 from denying the aforementioned promises and representations.

56. All conditions precedent to the relief requested herein have been performed, satisfied, or otherwise been waived.

WHEREFORE Plaintiff, FIRST HOME BANK, a Florida banking corporation, requests that judgment be rendered against Defendants, Moore Medical, Inc., a Louisiana corporation; Kimberly B. Moore; and Brian D. Moore, jointly and severally, in favor of Plaintiff, FIRST HOME BANK, a Florida banking corporation, for the total amount due and owing under the Note of Three Hundred Twenty-One Thousand Seven Hundred Four and 00/100 Dollars ($321,704.00), which consists of outstanding principal of Three Hundred Eighteen Thousand Five Hundred Eighty-Four and 74/100 Dollars ($318,584.74), accrued but unpaid interest to June 15, 2017, of Seven Hundred Ninety and 30/100 Dollars ($790.30), which continues to accrue to the date of final judgment at the present daily rate of Fifty-Eight and 92/100 Dollars ($58.92), late charges of Two Thousand Three Hundred Twenty-Eight and 96/100 Dollars ($2,328.96), plus all costs of collection, including reasonable attorneys' fees, incurred by FIRST HOME BANK, a Florida banking corporation, and for such further and other relief as the Court deems just.

Dated this 28th day of June, 2017.

Lutz, Bobo, Telfair, Dunham, Eastman,
Gabel, Gordon & Lee
One Sarasota Tower
Two North Tamiami Trail, Fifth Floor
Sarasota, Florida 34236
(941) 951-1800 Telephone

(941) 366-1603 Facsimile
jwhitney@lutzbobo.com

By: /s/ Jonathan P. Whitney
Jonathan P. Whitney
Florida Bar No. 0014874
Counsel for Plaintiff First Home Bank, a
Florida banking corporation